IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL YOUNG,

                Plaintiff,                  OPINION AND ORDER

v.

                                          12-cv-838-wmc

THE EAU CLAIRE WISCONSIN CITY
HOUSING AUTHORITY, and KEITH
A. JOHNSON,

                Defendants.

---

The court is in receipt of additional requests from plaintiff Michael Young for assistance in recruitment of counsel. (Dkt. ##13, 17.) As the court described in its October 3, 2013, opinion and order granting Young leave to proceed in this action, litigants in civil cases do not have a constitutional right to a lawyer. Instead, depending on the particular circumstances of a case and of the plaintiff, the court may assist in recruiting *pro bono* counsel. *Pruit v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007).

The court has previously denied similar requests by Young, each time (1) instructing him that he had to at least demonstrate an attempt to retain counsel, and (2) cautioning him that even with such a showing, Young still must distinguish his request from other cases before this court. In one of his recent filings, Young indicates that he has sent requests to 35 attorneys in the last two years, including a letter from *one* attorney acknowledging receipt of a copy of a complaint and asking him to stop sending him copies of documents. (Dkt. #13.) However, this court requires Young to provide

proof of at least three such attempts specific to the claims in *that* case. (10/3/13 Opinion & Order (dkt. #9) 10.)

Even if the court credits Young's sporadic attempts at locating counsel in some cases, it still finds that this case is not one for which recruitment of counsel is warranted. While Young's filings in this court -- both his numerous complaints and supplemental materials -- raise a number of concerns across a wide range of topics, the *only* claim for which he has been granted leave to proceed is a due process claim against defendants listed above premised on the revocation of his Section 8 voucher. Because Young is familiar with the facts surrounding his claim *and* the court has already explained the law surrounding this claim, the court sees no basis to grant his motion and assist him in recruiting counsel at this time.

In addition, while Michael Young's name is common, it appears that the above-named defendant has filed 20 lawsuits seeking leave to proceed *in forma pauperis* in this court since 1997. Of these, 11 have been filed within the last year. Of those 11 lawsuits, the court has granted Young leave to proceed with only one.

Young is, therefore, warned that he will face sanctions, potentially to include a bar on further filings and/or monetary penalties, should he continue to abuse scarce judicial resources with frivolous filings. *See United States v. Robinson*, 251 F.3d 594, 595 (7th Cir. 2001) (approving sanctions where a litigant inundates the court with frivolous motions, imposing costs in time and paperwork on the court and its staff and delaying the disposition of meritorious matters and motions).

ORDER

IT IS ORDERED that plaintiff Michael Young's supplemental requests for assistance in recruitment of counsel is DENIED without prejudice and further frivolous filings will result in such sanctions as this court deems just.

Entered this 2nd day of December, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge