IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL YOUNG,

                         Plaintiff,                    OPINION AND ORDER

        v.                                             12-cv-838-wmc

THE EAU CLAIRE WISCONSIN CITY
HOUSING AUTHORITY, and KEITH
A. JOHNSON,

                         Defendants.

*Pro se* plaintiff Michael Young was granted leave to proceed on a due process claim pursuant to 42 U.S.C. § 1983 against the Eau Claire, Wisconsin Housing Authority and its Executive Director Keith A Johnathan arising out of the termination of Young's Section 8 housing voucher.  (10/3/13 Opinion & Order 9dkt. #9) pp.7-9.)  Before the court is defendants' motion for summary judgment.  (Dkt. #24.)  Because plaintiff's opposition brief entirely fails to touch on the reasons for and process surrounding the revocation of his housing voucher, the court will grant the motion for summary judgment and close this case.

UNDISPUTED FACTS[1]

Plaintiff Michael Young was a participant in the rent assistance program operated by the Eau Claire Housing Authority pursuant to Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437 *et seq*.  Under the program, Young received vouchers to

---

[1] While plaintiff failed to file any responses to defendants' proposed findings of facts on summary judgment, the court, nonetheless, has considered plaintiff's opposition brief in arriving at the following material and undisputed facts, as well as the remaining, disputed facts noted.

use toward rent payments.  Defendant Keith D. Johnathan was the executive director of the Housing Authority at all times relevant to this case.

On September 17, 2012, the Housing Authority learned that Young had been arrested two days earlier for kicking a young child at the public library and had been charged with disorderly conduct.  Young does not deny that he kicked the child but claims that it was "a little light kick[]" justified because the child kicked him from behind because he thought he was a Muslim.  (Pl.'s Opp'n (dkt. #30) 1.)  Young also does not deny that he was arrested for this action.  Indeed, he sought to bring a false arrest claim against the Eau Claire Police Department.  *Young v. The Eau Claire Wisconsin City Police Station*, No. 12-cv-840, slip op. at pp.4-6 (W.D. Wis. Oct. 3, 2013) (denying plaintiff leave to proceed because his admitted conduct fell within the definition of disorderly conduct under Wisconsin law).

On September 26, 2012, Johnathan advised Young in writing that his participation in the rent assistance program was being terminated effective October 31, 2012, because of (1) his criminal activity and (2) his failure to report his arrest to the Housing Authority.  (Affidavit of Keith D. Johnathan ("Johnathan Aff."), Ex. 1 (dkt. #27-1).)  The notice advised Young that he had a right to an informal hearing on the decision to terminate, including a right to examine any documents relating to that decision.  (*Id.*)  Young requested a hearing (Johnathan Aff., Ex. 2 (dkt. #27-2), which took place on October 11, 2012.

Attorney Sarah Brown-Jager served as an impartial hearing officer.  At the hearing, Young presented evidence and had an opportunity to question the Housing Authority's witnesses.  Brown-Jager later issued a five-page, single-spaced written decision, which

thoughtfully responded to each of Young's eight reasons to overturn the termination of his housing voucher before affirming the Housing Authority's termination.  (Johnathan Aff., Ex. 3 (dkt. #27-3.)  As explained in her decision, Brown- Jager found (1) ample evidence that Young had assaulted a three-year-old child in a public place, and (2) that the act constituted "criminal activity which may threaten the health, safety or right to peaceful enjoyment" of others residing near Young, which is a basis to terminate Young's voucher pursuant to 24 C.F.R. § 982.552.  (*Id.*)  Consistent with the notice and this ruling, the Housing Authority terminated Young's participation in the rental assistance program on October 31, 2012.

OPINION

As the court explained in its opinion and order screening this case to go forward, before terminating a voucher recipient's rent assistance, federal housing regulations require a public housing authority to provide the recipient with the following: (1) notice of the reason(s) for the decision, § 982.554(a); (2) an opportunity for informal review, § 982.554(b); (3) prompt written notice that the recipient may request an informal hearing, §§ 982.555(a) and (c)(2); and (4) the opportunity to review relevant documents before the hearing and be present evidence at the hearing, §§ 982.555(e)(2) and (5).  *See also Clark v. Alexander*, 85 F.3d 146, 150 (4th Cir. 1996) ("Federal regulations set out the basic procedural requirements of informal hearings in almost literal compliance with *Goldberg* [*v. Kelly*, 397 U.S. 254 (1970)].").

Here, the undisputed evidence establishes that the Housing Authority followed these regulations to a tee, providing exactly the process Young was due.  Johnathan

3

provided Young written notice explaining the reasons for terminating his voucher (Johnathan Aff., Ex. 1 (dkt. #271); that notice informed Young of his opportunity for an informal hearing and how to request such a hearing; and Young was able to review evidence before the hearing and present evidence at it.  While Young's opposition brief touches on a number of other issues, including discrimination against Muslims, convicted murderer Drew Peterson, and the Eau Claire Police Department, Young fails to submit any evidence or even make an argument in support of his claim that defendants violated his due process rights.  Since the merits of those other issues are not before the court, and Young was certainly afforded due process before the Housing Authority's termination decision was implemented, defendants are entitled to summary judgment on the only issue in this case.

## ORDER

IT IS ORDERED that:

1) defendants The Eau Claire Wisconsin City Housing Authority and Keith A. Johnathan's motion for summary judgment (dkt. #24) is GRANTED;

2) defendants' motion to vacate portions of the scheduling order (dkt. #33) is DENIED AS MOOT; and

3) the clerk of court is directed to enter judgment in defendants' favor and close this case.

Entered this 4th day of November, 2014.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

4